506 S.E.2d 322

**STATE of West Virginia ex rel. John McLAURIN, Appellant,**

v.

**George TRENT, Warden, West Virginia Penitentiary, Appellee.**

**No. 24901.**

Supreme Court of Appeals of West Virginia.

Submitted June 3, 1998.

Decided July 6, 1998.

George Castelle, Chief Public Defender, LaDonna Saria, Assistant Public Defender, Charleston, for Appellant.

William C. Forbes, Prosecuting Attorney, Jon R. Blevins, Assistant Prosecuting Attorney, Charleston, for Appellee.

PER CURIAM: [1]

This action is before this Court upon appeal of a final order of the Circuit Court of Kanawha County entered on March 24, 1997. The appellant, John McLaurin, was convicted in 1989 of two counts of kidnapping and seven accounts of first degree sexual assault. In December 1993, the appellant filed a petition for writ of habeas corpus with the circuit court seeking to have his convictions reversed on the basis of allegedly false serology tests and testimony presented at his trial by former State Trooper Fred Zain. Pursuant to the final order, the circuit court vacated and set aside one of the kidnapping convictions and two of the sexual assault convictions. In this appeal, the appellant contends that the circuit court erred by not setting aside all of the convictions and awarding a new trial because: (1) the State was forewarned that Mr. Zain's work was erroneous; (2) the circuit court failed to hold a hearing on the petition for writ of habeas corpus; (3) the circuit court considered DNA test results which were not introduced at trial; (4) all of the counts were tainted by Mr. Zain's testimony; (5) the appellant's motion for production of reports and notes within the possession of law enforcement agencies involved in the case was denied; and (5) the circuit court erroneously concluded that there was the same modus operandi with respect to all the victims.

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

This Court has before it the petition for appeal, all matters of record including the record from the appellant's criminal trial, and the briefs and argument of counsel. For the reasons set forth below, we affirm the final order.

### I

The appellant was indicted in 1989 and charged with two counts of kidnapping and seven counts of first degree sexual assault relating to three victims. On November 8, 1989, the appellant was found guilty of all counts by a jury and sentenced to two terms of life without mercy on the two kidnapping counts and seven terms of fifteen to twenty-five years on the sexual assault counts, with all sentences to be served consecutively.

Fred Zain, formerly a state trooper and serologist at the West Virginia State Police Serology Laboratory, was one of the witnesses for the State at the appellant's trial. On December 16, 1993, following our decision in *In the Matter of an Investigation of the West Virginia State Police Crime Laboratory, Serology Division,* 190 W.Va. 321, 438 S.E.2d 501 (1993), [hereinafter *"Zain I"*],[2] the appellant filed a petition for writ of habeas corpus with this Court. The case was remanded to the circuit court for further proceedings. As part of the habeas review, the circuit court ordered DNA testing. While the case was pending, the appellant filed a motion for production of reports and notes within the possession of the three law enforcement agencies which were involved in the case. The motion was based upon an alleged apparent pattern of withholding exculpatory evidence in Kanawha County cases in which Mr. Zain had testified.[3]

On March 24, 1997, the circuit court entered the final order in this case. The circuit court vacated and set aside the convictions for counts one, two, and three in the indictment which pertained to the first victim based on a finding that absent the serological evidence presented by Mr. Zain, the remaining evidence was insufficient to sustain the jury finding as to the element of identity and hence, insufficient to sustain the guilty verdicts with respect to those counts. The court upheld the convictions for counts four through nine in the indictment relating to the other two victims based on a finding that the evidence, excluding the testimony of Mr. Zain, was sufficient to sustain the guilty verdicts. With respect to the appellant's motion to examine records of the law enforcement agencies involved in the case, the circuit court found that the appellant presented no evidence to support his assertions that an examination of the files of those agencies might produce exculpatory evidence. Accordingly, the motion was denied. This appeal followed.

### II

In Syllabus Point 1 of *State ex rel. Postelwaite v. Bechtold,* 158 W.Va. 479, 212 S.E.2d 69 (1975), *cert. denied,* 424 U.S. 909, 96 S.Ct. 1103, 47 L.Ed.2d 312 (1976), we held that: "Findings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong." *See also* Syllabus Point 2, *State ex rel. Kidd v. Leverette,* 178 W.Va. 324, 359 S.E.2d 344 (1987). More recently, we have stated that:

reveal to the State evidence that the victim had at one time eliminated defendant Harris as a suspect. Harris eventually obtained his release from prison because DNA evidence revealed that he could not have been the person who committed the crime. The appellant also refers to the case of *Richardson v. Trent,* No. 93–W–53, another case in the Circuit Court of Kanawha County, where it was alleged that exculpatory statements made by a three-year-old child were not relinquished to the defendant. The appellant contends that these two cases establish a pattern of withholding exculpatory evidence in Kanawha County cases wherein Mr. Zain testified.

2. *Zain I* was an extraordinary proceeding arising out of allegations of misconduct on the part of Trooper Zain. A five month investigation revealed that Trooper Zain had a long history of falsifying evidence as a serology expert to obtain convictions for the prosecution. As a result of this revelation, this Court provided for habeas corpus review of all convictions in which Trooper Zain performed serological testing and/or testified.

3. The appellant cites the case of *Harris v. Trent,* No. 93–W–43, a case in the Circuit Court of Kanawha County, where it was alleged that the Kanawha County Sheriff's Department failed to

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Phillips v. Fox,* 193 W.Va. 657, 661, 458 S.E.2d 327, 331 (1995). *See also* Syllabus Point 1, *Burnside v. Burnside,* 194 W.Va. 263, 460 S.E.2d 264 (1995).

■ As his first assignment of error, the appellant contends that the State called Mr. Zain as a witness despite forewarning that his work was erroneous thereby violating *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).[4] In *Brady,* the Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196–97, 10 L.Ed.2d at 218. In making this assertion, the appellant relies upon deposition testimony from Trooper Ted Smith, a former colleague of Mr. Zain. Trooper Smith testified that the reports of Trooper H.B. Myers from the appellant's case were more accurate than those of Mr. Zain. Trooper Smith stated that he informed the State of the differences in the reports prior to the appellant's trial. Nevertheless, the State called Mr. Zain to testify. Consequently, the appellant claims he was never made aware of the fact that Mr. Zain's credibility had been called into question.

After reviewing the record, we find no support for the appellant's contention that Mr. Zain's credibility was called into question prior to or during his trial, or if it was, that the State was aware of such allegations. During this habeas proceeding, the Honor-

able Irene Berger,[5] the prosecutor who handled the appellant's case, testified as follows:

[Question by appellant's counsel]: Before the McLaurin case in 1989, did any suspicions at all regarding Fred Zain come to your attention?

[A]: No.

[Q]: What about anyone else in the prosecutor's office, as far as you know?

[A]: Not that I'm aware of. No one ever made me aware of anything, if there was any.

[Q]: Was the McLaurin case the first case where any questions about Fred Zain's work came to your attention?

[A]: I didn't question his work in the McLaurin case. There were no questions about his work then even. There was a situation where two experts disagreed, as I remember, about the population percentage, but the question about his work, even in the McLaurin case, I never suspected what has, you know, come to light now.

Based upon this testimony, it is clear that the State had no forewarning that Mr. Zain's work was unreliable. At the very most, the prosecution was informed that there was a difference of opinion between experts regarding population statistics. Knowledge of such disagreement does not give rise to the inference that the State was alerted that Mr. Zain might have falsified evidence in the appellant's case. Accordingly, we find no merit to this assignment of error.

■ The appellant next contends that the circuit court erred by not holding a hearing on the merits of his habeas petition. In *Zain I, supra,* we set forth the procedure for review of those cases in which Mr. Zain testified. In Syllabus Point 3 of *Zain I,* we stated:

Where improper evidence of a non-constitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissi-

---

4. The appellant also contends that Mr. Zain's testimony violated the trial judge's order that only the analyst who performed the tests could testify. However, it appears from the record that Mr. Zain did in fact perform some testing or at least, authored some reports in the case. Moreover, an expert is permitted to testify and provide

opinion evidence based upon the work of others. *See* W.Va.R.Evid. 703.

5. In 1989, Judge Berger was an assistant prosecutor in Kanawha County. Subsequently, she was elected to the position of Judge of the Circuit Court of Kanawha County.

ble evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury.

In addition, we developed a post-conviction habeas corpus form to identify those individuals seeking habeas relief on a Zain issue. We did not, however, mandate that the circuit court conduct a hearing on the merits of each case.

■■■ Although this habeas proceeding resulted from our authorization of special habeas review of Fred Zain cases in *Zain I,* we believe that the same rules and statutes relating to traditional habeas corpus cases must apply. With regard to whether a hearing must be held in habeas proceedings, we have stated that "[i]t is evident from a reading of W.Va.Code § 53-4A-7(a) [6] that a petitioner for habeas corpus relief is not entitled, as a matter of right, to a full evidentiary hearing in every proceeding instituted under the provisions of the post-conviction habeas corpus act ... This statute requires only that 'the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) ad-

vanced.'" *Gibson v. Dale,* 173 W.Va. 681, 688, 319 S.E.2d 806, 812-13 (1984).

In this case, it is evident that the circuit court thoroughly reviewed the transcript from the appellant's trial. In addition, the circuit court considered the results from the subsequent DNA testing as we instructed in *Zain I.*[7] Therefore, we find that the circuit court did not err in deciding the case without holding a hearing on the merits of the case.

■■■ The appellant also contends that the circuit court erred by considering the post-trial DNA test results because they were not introduced at trial. Upon review of the final order, we find that the circuit court simply followed the procedure set forth in Syllabus Point 3 of *Zain I, supra.* The circuit court disregarded the testimony adduced by Mr. Zain and considered the remaining evidence for its sufficiency to sustain the convictions. The post-trial DNA testing did not form the basis for the decision to deny the appellant a new trial on counts four through nine. Instead, the test results merely confirmed that the Zain evidence had no prejudicial effect on the jury. Therefore, we find no merit to this assignment of error.

■■■ The appellant further contends that the circuit court erred by not setting aside all the convictions because the guilty verdicts on all counts were based on a cumulation of all the evidence including evidence relating to the counts which were dismissed. Essentially, the appellant asserts that dismissal of any

6. W.Va.Code § 53-4A-7(a) provides:

If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought. If it appears to the court from said petition, affidavits, exhibits, records and

other documentary evidence attached thereto, or the return or other pleadings, or any such record or records referred to above, that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived, the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced, and the court shall pass upon all issues of fact without a jury. The court may also provide for one or more hearings to be held and/or evidence to be taken in any other county or counties in the State.

7. As a condition for obtaining habeas relief on a Zain issue, we required the relator to consent to a DNA test. *Zain I,* 190 W.Va. at 327, 438 S.E.2d at 506.

of the counts required dismissal of all the counts. We disagree.

The circuit court's order reflects a thoughtful and thorough analysis of the evidence offered during the trial. In analyzing the evidence, the circuit court, pursuant to *Zain I*, excluded the evidence offered by Mr. Zain from its review. Thus, it was not merely the tainted Zain evidence that resulted in reversal of the convictions pertaining to counts one, two, and three. Rather, the circuit court determined that the remaining evidence was not sufficient to support the convictions for those counts. As to the additional counts relating to the other two victims, the circuit court found that even after the Zain testimony was excluded, the evidence was sufficient to uphold those convictions. We find no error in this regard. Accordingly, the circuit court did not err by vacating only three of the convictions.

■ Next, the appellant asserts that the circuit court erroneously denied his motion for production of reports and notes within the possession of law enforcement agencies. The appellant contends that there is an emerging pattern of withholding exculpatory evidence in Kanawha County cases in which Mr. Zain testified. This contention is based upon the discovery that exculpatory evidence was withheld by the State in two other criminal cases in Kanawha County.[8] Thus, the appellant contends that he is entitled to determine whether any evidence was withheld in his case.

The circuit court denied this motion finding that the appellant's argument gave no probable cause to believe that examination of the law enforcement agencies' files would produce any exculpatory evidence. In reaching this conclusion, the court specifically considered the appellant's speculation that the investigating officers' field notes might contain exculpatory material with respect to an out-of-court identification. The court examined the testimony of the two motel maids who made positive identifications of the appellant on behalf of one of the victims. The court found the testimony of these witnesses to be unequivocal on the subject of identity.

Moreover, cross examination yielded no contradictory statements.

■ We find that the circuit court did not err by denying the appellant's motion to open and examine the files of the law enforcement agencies who investigated the three sexual assaults. While a defendant is certainly entitled to any exculpatory evidence in the possession of the State, mere conjecture and speculation that such evidence might exist does not warrant reopening of the State's files. *See State ex rel. McClure v. Trent,* 202 W.Va. 338, 504 S.E.2d 165 (1998).

Finally, the appellant contends that the circuit court erred by upholding the convictions on counts four through nine based on a finding that the modus operandi for all three sexual assaults was identical. The appellant asserts there were major dissimilarities among the three assaults.

Upon review of the final order, we disagree with the appellant's conclusion that the circuit court upheld the convictions for this reason. As discussed above, after discarding the Zain evidence, the circuit court carefully reviewed the remaining evidence in the case to determine whether the relevant evidence on each count was sufficient to uphold the convictions. Counts one, two, and three were dismissed because the evidence was insufficient. However, with regard to the other charges relating to the other two victims, the evidence was found to be sufficient and the convictions were upheld after it was determined that the Zain evidence did not have any prejudicial effect on the jury. While the circuit indicated the same modus operandi appeared in all three cases, that evidence alone was not the basis for the circuit court upholding the convictions for counts four through nine. Instead, witness identifications along with other compelling evidence provided the basis for sustaining the jury's verdicts of guilt with respect to these counts. Thus, we also find no merit to this assignment of error.

Accordingly, for the reasons set forth above, the final order of the Circuit Court of

8. See note 3, *supra.*

Kanawha County entered on March 24, 1997 is affirmed.

Affirmed.